[No. C055056. Third Dist. Feb. 29, 2008.]

CALIFORNIA CONSUMER HEALTH CARE COUNCIL, INC., et al.,
Plaintiffs and Appellants, v.
DEPARTMENT OF MANAGED HEALTH CARE et al., Defendants and
Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105 and 8.1110(b), this opinion is certified for publication with the exception of parts I, II, III, VI, and VII.

**COUNSEL**

Harvey S. Frey for Plaintiffs and Appellants.

Amy L. Dobberteen, Debra L. Denton, Michael D. McClelland and Amal Ali Fawzy Abu-Rahma for Defendants and Respondents.

**OPINION**

**RAYE, J.**—Plaintiffs, the nonprofit California Consumer Health Care Council, Inc. (Consumer), and nine of its members, challenge defendant Department of Managed Health Care's (Department) implementation of provisions of the Knox-Keene Health Care Service Plan Act of 1975 (Act; Health & Saf. Code, § 1340 et seq.) relating to disclosure of medical reports and the disposition of patient grievances.[1]

The trial court sustained without leave to amend a demurrer to Consumer's second amended complaint alleging violations of the Information Practices Act of 1977 (IPA; Civ. Code, § 1798 et seq.), Administrative Procedure Act (APA), and due process, leaving intact only Consumer's claim under section 1368. Ultimately, the trial court granted summary judgment in favor of the Department on the section 1368 claim. Consumer appeals the rulings on both the demurrer and the motion for summary judgment. The Department filed a motion for sanctions under Code of Civil Procedure section 907. We shall affirm the judgment and deny the Department's motion for sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Act*

Pursuant to section 1341, subdivision (a) of the Act, the Department is entrusted with the protection of patients' rights to quality health care, including enforcement of laws relating to health care service plans. As part of its legislative mandate to "ensure" access to quality care, the Department is required to establish a bifurcated grievance system and to "expeditiously" and "thoroughly" review patient grievances. (§ 1342.) Grievances involving a disputed health care service, i.e., those involving a claim for medical services, are entitled to review under the Independent Medical Review System. (§ 1374.30, subds. (b), (d)(1).) All other grievances, including coverage

---

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

claims, remain eligible for review by the Department pursuant to section 1368, subdivision (b). Plaintiffs allege flaws in the execution of both grievance procedures.

*The Earlier Appeal*

This is Consumer's second challenge to the Department's implementation of the Act.[2] In its earlier appeal before this court, Consumer presented two issues. The first involved grievances considered by an independent medical review organization, and the second involved grievances resolved by the Department itself.

Regarding the first issue, Consumer argued the Department failed to fulfill its statutory obligation to compel HMO's to provide patients with copies of their medical records upon request. Consumer insisted patients were entitled to copies of the records forwarded to the independent medical review organization to allow them to verify the truth of the information upon which the independent review would be based. (§§ 1374.30, subd. (n), 123100.)

In rejecting Consumer's claim, we acknowledged that the Department is not insulated from judicial review and "[a]lthough the Department's discretion is great, it cannot decline to consider requests for enforcement action under section 1374.30 for no reason or for an improper reason." (*California Consumer Health Care I, supra,* C041091.) However, we noted "the complaint does not allege a failure to exercise discretion. Rather, plaintiffs maintain the Department has no discretion but is under a mandatory duty to act whenever a patient files a request alleging an HMO's failure to furnish medical records. . . . [W]e disagree. The Act cannot be plausibly construed to create such an expansive duty." (*Ibid.*)

As to the second issue, Consumer alleged the Department failed to perform its statutory duty to provide adequate written notice of the final dispositions of grievances in accordance with the express terms of section 1368, subdivision (b). Consumer identified several patients who received final dispositions without summaries of findings and/or the reasons the Department found against the patients. We found these allegations stated a prima facie violation of the Department's duty under section 1368 and were sufficient to withstand demurrer. Mandate would lie to compel the Department's duty in a case where the patients had a clear, present, and beneficial right to the Department's performance of its duty.

---

[2] The earlier appeal is *California Consumer Health Care Council, Inc. v. Department of Managed Health Care* (Sept. 5, 2003, C041091) (nonpub. opn.) (*California Consumer Health Care I*).

Consumer also contended the Department's alleged failure to provide patients with copies of records in the Department's custody violated due process. However, the issue had not been presented to the trial court or adequately briefed by both parties. We remanded the matter, allowing Consumer to file an amended complaint setting forth its constitutional claim for the trial court's consideration.

*Consumer's Second and Third Amended Complaints*

On remand, Consumer filed a second amended complaint in which it alleged the Department has (1) refused to provide plaintiffs with copies of files in the Department's possession relating to plaintiffs, as required by the IPA; (2) denied plaintiffs elementary due process; (3) failed to provide final summaries required by section 1368, subdivision (b); (4) abused its discretion by refusing to enforce section 1374.30 for no reason or improper reason; and (5) failed to comply with the APA.

Consumer requested the court to declare that the Department is required to "a) provide copies of records in its possession to complainants, as required by [the IPA,] CC § 1798 et seq[.], within a time frame permitting correction of evidence before it makes any decision; b) adjudicate in favor of the complainant if the HCSP [health care service plan] fails to comply with HSC §§ 1374.30 and 1374.31 within a time frame permitting correction of evidence before any IMR [independent medical review] decision is made; c) provide all complainants with the summary notice required by HSC § 1368(b)(5); and d) comply with the Administrative Procedure[] Act in making any rules concerning its implementation of HSC § 1374.30 or any other rules it applies generally. . . ."

The Department moved to strike and filed a demurrer. The trial court sustained the demurrer with respect to all causes of action, except for Consumer's cause of action under section 1368.

Regarding Consumer's claim that the Department violated the IPA, the trial court found Consumer could not state a cause of action: "The IPA is a separate statutory scheme. Petitioners have not alleged a demand pursuant to the IPA and a failure by Respondent to comply with such a demand." As for Consumer's due process claim, the court determined Consumer failed to allege a sufficient liberty or property interest entitling it to due process protections.

Finally, the court held Consumer failed to allege facts showing the Department issued, utilized, or enforced any guideline, criterion, bulletin, manual, instruction, order, standard, or any other rule in violation of the APA.

Consumer filed a third amended complaint seeking declarative relief, writ of mandate, and injunctive relief under section 1368. The Department brought a motion for summary judgment on the section 1368 claim.

The trial court granted the summary judgment motion, finding no triable issue of fact. The court stated: "Mandate does not lie, and declaratory relief and injunctive relief are not warranted because each of the individually named . . . [p]laintiffs either received a written notice of the final disposition of his or her grievance, pursuant to . . . section 1368 . . . or he or she was never entitled to one."

In addition, the trial court found the undisputed facts showed plaintiff Victoria Travis failed to demonstrate she was a person entitled to receive information or copies of documents concerning her father's care. The grievances of two other plaintiffs were preempted by federal Medicare laws. The court also denied the Department's request for sanctions pursuant to Code of Civil Procedure section 128.6.

Following entry of judgment, Consumer filed a timely notice of appeal. The Department has filed a motion for sanctions under Code of Civil Procedure section 907.[3]

## DISCUSSION

### I–III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV

The trial court also sustained the Department's demurrer without leave to amend as to Consumer's due process contentions. The court determined Consumer failed to allege a "sufficient liberty or property interest entitling them to due process protections."

In its second amended complaint and on appeal, Consumer argues the Department violated the due process rights of plaintiffs by refusing to provide them with copies of their records in its possession. According to Consumer, the refusal of the Department to "provide contracted for and needed medical care, may cause the patient to spend large amounts of money for it himself (a 'property' interest), and if he doesn't have the money to do so, to suffer

---

[3] We grant the Department's request for judicial notice filed May 4, 2007.

*See footnote, *ante*, page 684.

progressive disease, pain, and dysfunction, which may prevent gainful employment and shorten his life (a 'life' interest). [¶] . . . It is difficult to understand how the court below could consider the denial of this statutory assistance not to be 'a sufficient liberty or property interest entitling them to due process protections.' "

■ To prove a constitutional due process violation, a plaintiff must first establish that due process protections are applicable by showing a protected liberty or property interest. (*Smith v. Board of Medical Quality Assurance* (1988) 202 Cal.App.3d 316, 326 [248 Cal.Rptr. 704].) To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it, and more than a unilateral expectation of it. He or she must, instead, have a legitimate claim of entitlement to it. (*Duncan v. Department of Personnel Administration* (2000) 77 Cal.App.4th 1166, 1175 [92 Cal.Rptr.2d 257].)

We will assume for the sake of argument that the prompt adjudication of medical claims, with its concomitant implications for the health and well-being of the patient, constitutes a liberty or property interest requiring due process protection.

■ To determine what sort of process is due in a given administrative proceeding, we apply a four-part test. This flexible balancing standard considers (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; (3) the dignity interest in informing individuals of the nature, grounds, and consequences of the actions and in enabling them to present their side of the story before a responsible government official; and (4) the governmental interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. (*In re Lucero L.* (2000) 22 Cal.4th 1227, 1246 [96 Cal.Rptr.2d 56, 998 P.2d 1019].)

■ The extent to which procedural due process is available depends upon this weighing of the private and governmental interests involved. The required procedural safeguards are those that will, without unduly burdening the government, maximize the accuracy of the resulting decision and respect the dignity of the individual subjected to the decisionmaking process. (*Duarte & Witting, Inc. v. New Motor Vehicle Bd.* (2002) 104 Cal.App.4th 626, 641 [128 Cal.Rptr.2d 501].)

However, due process does not mandate that all governmental decision making comply with standards that assure perfect, error-free determinations.

In assessing what due process is due, we must give substantial deference to the good faith judgment of the agency that its procedures afford fair consideration of a party's claims. (*Machado v. State Water Resources Control Bd.* (2001) 90 Cal.App.4th 720, 725–726 [109 Cal.Rptr.2d 116].)

Consumer argues the Department's practice of allowing the health care plans to see and rebut the enrollee's filings but denying the enrollees the opportunity to see or rebut the plan's filings, and making adjudicatory decisions based on these "asymmetric" filings, is a denial of due process. According to Consumer, minimal due process requires disclosure to complainants of the opposing party's documents, and the opportunity to comment on and rebut any false statements contained in those documents.

■ Our review of the independent medical review process codified in section 1374.30 reveals the system provides enrollees with a fair consideration of their claims. An enrollee using the process is afforded the opportunity to state his claim, accompanied by his own and his provider's records. (§ 1374.33, subd. (a).) After records have been received from all sides, a decision is reached within 30 days. (§ 1374.33, subds. (a), (c).) In emergency situations, the process provides for an expedited review within 24 hours, to be completed in three days or less. (§§ 1374.31, subd. (a), 1374.33, subd. (c).)

After considering the various factors to be balanced in determining whether a procedure comports with due process requirements, we find the Department's implementation of its statutory duty affords enrollees due process in the consideration of their claims. As noted, enrollees have an interest in receiving contracted-for medical care. The risk of an erroneous deprivation of this interest through this procedure appears low. Both sides submit documentation regarding the claim, and the statute allows sufficient time for adequate consideration of the claim under the Independent Medical Review System. The procedure informs the enrollee of the nature of the action and enables him to present his side of the story.

Finally, we consider the governmental interest in the balancing process, including the function involved and the fiscal and administrative burdens that the additional requirements proposed by Consumer would impose. In its second amended complaint, Consumer sought to restrain the Department from deciding disputes in which the records had not been provided to the complainant. Consumer argued any determination by the Department without providing claimant records violated the claimant's due process rights.[4] While

---

[4] In our previous opinion, we declined to consider Consumer's argument that the Department had a duty to provide enrollees with copies of records in the Department's custody, finding the

requiring the Department to provide a claimant with copies of records in its own possession prior to making a medical review decision might not impose a substantial burden, Consumer actually requests substantially more.

Consumer also seeks copies of records the HMO's forwarded to the independent review organization. In its second amended complaint, Consumer states: "If this court will not direct [the Department] to obey and enforce these laws allowing complainants to see and rebut records submitted in evidence against their claims, then it should, at least, require [the Department] to refuse to make its quasi-judicial decisions based on such ex parte submissions." This would necessitate that the Department request information from the HMO's and the independent medical review organization to determine what records have been provided to the enrollee. Such a requirement might also require the Department to confirm whether the enrollee actually received the records. The cumbersome process of determining the documentation involved and ascertaining its receipt by the claimant, coupled with the potential volume of records involved, would take place prior to any decision of the enrollee's claim. Such a requirement would slow down the process and create a substantial burden on the Department with little resulting benefit in most cases.

We conclude that the statutory review procedure as implemented by the Department assumes a fair consideration of medical claims and affords all the process that is due. Since Consumer fails to state a due process cause of action, the trial court appropriately sustained the demurrer without leave to amend.

## V

Consumer also appeals the trial court's grant of summary judgment on the section 1368 issue. A motion for summary judgment must be granted if the submitted papers show there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A defendant meets the burden of showing a cause of action has no merit if he or she shows that an element of the cause of action cannot be established or that there is a complete defense. Once the defendant has met that burden, the burden shifts to the plaintiff to show the existence of a triable issue of material fact. (Code Civ. Proc., § 437c, subds. (c), (p)(2).)

We review the record and the determination of the trial court de novo. First, we identify the issues raised by the pleadings, since it is these

issue beyond the scope of the pleadings. Consumer's third amended complaint, filed after remand, does not address this issue.

allegations to which the motion must respond. Second, we determine whether the moving party's showing has established facts negating the opponent's claims and justifying a judgment in the moving party's favor. When a summary judgment motion prima facie justifies a judgment, the final step is to determine whether the opposition demonstrates the existence of a triable issue of material fact. (*Barclay v. Jesse M. Lange Distributor, Inc.* (2005) 129 Cal.App.4th 281, 290 [28 Cal.Rptr.3d 242].)

Consumer's third amended complaint alleged the Department failed to provide the notices required by section 1368. The trial court found the undisputed material facts showed that plaintiff Victoria Travis, the only alleged section 1368 claimant, failed to demonstrate she was a person entitled to receive information or copies of documents concerning the care provided to her father. In addition, the court found Travis's claim preempted by federal Medicare laws.

Consumer argues the child/beneficiary of a deceased enrollee is authorized to execute a medical record release on behalf of the enrollee. In support, Consumer cites section 1368, subdivision (b)(2), which states: "If the subscriber . . . is . . . incapacitated, the . . . relative . . . may submit the grievance to the department as the agent of the subscriber or enrollee. . . . For purposes of this section, a 'relative' includes the . . . daughter . . . of the subscriber or enrollee." According to Consumer, there is no "rational" reason that the term "incapacitated" would not include the "ultimate incapacitation of death."

■ However, the Department points out that the physician-patient privilege survives death and the estate's representative is the holder of the privilege. (*Rittenhouse v. Superior Court* (1991) 235 Cal.App.3d 1584, 1588 [1 Cal.Rptr.2d 595].) Only the holder of the privilege may waive the privilege. (Evid. Code, §§ 912, subd. (a), 994, subds. (a), (b).) Consumer acknowledged in the trial court that Travis was not the conservator of her father's estate. The Department contends that since Travis was not the holder of the privilege, she could not waive the privilege and the Department was well within its discretion to decline to release her father's records.

■ We agree. Consumer's argument would allow any relative to obtain records and file a complaint regardless of the wishes of the enrollee or his or her representative or designee. Such a reading basically guts the concept of confidentiality of medical records. Therefore, the trial court correctly concluded no triable issue of fact supports Consumer's claim that Travis was a person entitled to receive information or copies of documents concerning her father's care.

## VI, VII*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. The Department shall recover costs on appeal. The Department's motion for sanctions is denied.

Nicholson, Acting P. J., and Butz, J., concurred.

Appellants' petition for review by the Supreme Court was denied May 14, 2008, S161891.

---

*See footnote, *ante*, page 684.