Filed 3/29/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DANIEL RAMIREZ, | C078440 |
| Petitioner, | (WCAB No. ADJ6821103) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD, STATE DEPARTMENT OF HEALTH CARE SERVICES et al., | |
| Respondents. | |

ORIGINAL PROCEEDING; petition for writ of review.  Reversed and remanded with directions.

Mastagni Holstedt, Eric D. Ledger, and Gregory G. Gomez for Petitioner.

Law Office of Charles E. Clark and Charles E. Clark for California Society of Industrial Medicine and Surgery, Inc., as Amicus Curiae on behalf of Petitioner.

The Rondeau Law Firm and Charles R. Rondeau; Thomas F. Martin for California Applicants' Attorneys Association as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Lisa A. Liebson, Deputy Chief Counsel, Mary R. Huckabaa, Assistant Chief Counsel, and William L. Anderson, Appellate Counsel, for Respondents State Department of Health Care Services and State Compensation Insurance Fund.

1

Law Office of Allweiss & McMurtry and Michael A. Marks for California Workers' Compensation Institute as Amicus Curiae on behalf of Respondents.

Haight Brown & Bonesteel, Theodore Penny, and Vangi M. Johnson for California Chamber of Commerce as Amicus Curiae on behalf of Respondents.

Department of Industrial Relations Office of the Director, Legal Unit, Christopher Jagard, Chief Counsel, and Kim E. Card, Counsel; Department of Industrial Relations Division of Workers Compensation, George Parisotto, Chief Counsel, and Yvonne Hauscarriague, Counsel, for Administrative Director of the Division of Workers' Compensation as Amicus Curiae on behalf of Respondents.

In the last several years, the Legislature has reformed the workers' compensation system to increase efficiency and reduce costs. Treatment recommendations from a worker's physician were once subjected to a dispute resolution process that could be litigated before a workers' compensation judge and ultimately appealed to the Workers' Compensation Appeals Board (Board). In 2004 and 2012, the Legislature effected changes that resulted in taking decisions regarding the medical necessity of a treatment recommendation away from judges and the Board, and allowing such decisions to be made only by medical professionals. Now, if an employer challenges a treatment decision, a qualified medical professional performs a utilization review pursuant to established medical standards. (Lab. Code, § 4610.)[1] If the utilization review modifies, delays or denies treatment, the employee may seek review of the utilization review only by a process called independent medical review. (§ 4610.5, subds. (d) & (e).) Like the utilization review, independent medical reviews are performed by qualified medical professionals. (§ 4616.4.) In no event can a workers' compensation judge, the Board, or a court make a determination of medical necessity contrary to the determination of the independent medical reviewer. (§ 4610.6, subd. (i).) However, the Board may review

---

[1] Further undesignated statutory references are to the Labor Code.

2

the determination of the independent medical reviewer for certain nonsubstantive reasons.

In this writ proceeding, Daniel Ramirez attempts review of his independent medical review on the ground the underlying utilization review was based on an incorrect standard. In effect, he seeks review of his utilization review with this court. We shall conclude that this is not a proper ground for appeal of a utilization review determination because it goes to the heart of the determination of medical necessity. The independent medical reviewer is in the best position to determine whether the proper standard was used to evaluate the medical necessity of the requested treatment, and the statutory scheme requires the independent medical reviewer to use the proper standard in determining medical necessity. (§§ 4610.5, subd. (c), 4610.6, subd. (c).) Ramirez makes no claim that the independent medical reviewer did not use the proper statutory standard. Ramirez has also not stated a proper ground for review of his independent medical review, which is appealable only for the nonsubstantive reasons set forth in section 4610.6, subdivision (h).

Ramirez also challenges the constitutionality of the independent medical review process. He claims it violates the state Constitution's separation of powers clause, and state and federal principles of procedural due process. We shall conclude that the Legislature's plenary power over the workers' compensation system precludes any separation of powers violation, and the process afforded workers under the system affords sufficient opportunity to present evidence and be heard.

## FACTUAL AND PROCEDURAL BACKGROUND

### I
### Procedure for Disputes over Treatment

Every employer is required to establish a utilization review process for screening, reviewing, and deciding on treatment recommendations that are made by an employee's physician. (§ 4610, subds. (a) & (b).) Any decision to modify, delay, or deny a request

for medical treatment for a work-related injury must be made by a licensed physician pursuant to a utilization review process. (§ 4610, subd. (e).) The utilization review process must be governed by written policies and procedures that are based on medical necessity and consistent with the "schedule for medical treatment utilization" adopted pursuant to section 5307.27.[2] (§ 4610, subd. (c).) The employer must make its decision on treatment in a timely fashion, but not to exceed five working days from receipt of the information necessary to make the determination, and not more than 14 days from the date of the request by the employee's physician. (§ 4610, subd. (g)(1).)

If the utilization review approves the requested treatment, the determination is final and the employer may not challenge it. (§ 4610.5, subd. (f)(1).) If the utilization review modifies, delays, or denies the requested treatment, the employee may seek review through a procedure called "independent medical review." (§ 4610.5, subd. (d).)

If the utilization review decision is untimely, the Board has determined that the dispute is not subject to independent medical review, but is resolved by the Board. (*Dubon v. World Restoration, Inc*. (2014) 79 Cal.Comp.Cases 1298, 1300 (*Dubon II*).) A utilization review decision remains effective for 12 months, unless a further recommendation is supported by a change in facts. (§ 4610, subd. (g)(6).)

The "independent medical review" is performed by an independent organization using medical professionals to perform the review. (§ 139.5, subd. (d)(4).) Independent medical review organizations are under contract with the administrative director of the

---

[2]   Section 5307.27, subdivision (a) provides: "The administrative director [of the Division of Workers' Compensation], in consultation with the Commission on Health and Safety and Workers' Compensation, shall adopt, after public hearings, a medical treatment utilization schedule, that shall incorporate the evidence-based, peer-reviewed, nationally recognized standards of care recommended by the commission pursuant to Section 77.5, and that shall address, at a minimum, the frequency, duration, intensity, and appropriateness of all treatment procedures and modalities commonly performed in workers' compensation cases."

4

Division of Workers' Compensation.  (§ 139.5, subd. (a)(1).)  The organizations must be independent of any workers' compensation insurer or workers' compensation claims administrator doing business in California.  (*Ibid*.)  The medical professionals performing the review must be licensed physicians knowledgeable in the treatment of the employee's medical condition.  (§ 139.5, subd. (d)(4) & (d)(4)(A).)  To prevent conflicts of interest, the independent medical review organizations must submit information to the administrative director of the Division of Workers' Compensation regarding major stockholders, major bond and note holders, affiliated organizations, directors, officers, and executives, revenue sources, and a description of the organization's methods for ensuring compliance with conflict of interest requirements.  (§ 139.5, subd. (d).)

The employee may appeal the independent medical review determination to the Board, but only on the following grounds:  (1) the administrative director acted without or in excess of his or her powers, (2) the administrative director's determination was procured by fraud, (3) the independent medical reviewer had a material conflict of interest, (4) the determination was the result of bias based on race, national origin, ethnic group identification, religion, age, sex, sexual orientation, color, or disability, or (5) the determination was the result of an erroneous finding of fact not subject to expert opinion. (§ 4610.6, subd. (h).)

A decision by the Board (on one of the five allowed grounds) may be challenged by filing a writ of review in the Court of Appeal, but the courts are precluded from making "a determination of medical necessity contrary to the determination of the independent medical review[er.]"  (§ 4610.6, subd. (i); see also § 5950.)

II
Denial of Ramirez's Treatment

In this case, petitioner Daniel Ramirez sustained an injury to his lower leg and ankle in the course of his job as an office assistant for the State Department of Health Care Services (Department).  Department's claims were administered by the State

5

Compensation Insurance Fund (State Fund). Ramirez settled his case by stipulations providing him with further medical treatment for the injury. The treatment included a gym/swim membership, and, over the course of about one and a half years (Dec. 11, 2013, to Apr. 17, 2014), 12 to 24 sessions of acupuncture were authorized.

In July 2014, Ramirez's physician, Dr. Natalya Shtutman, prescribed another 12 sessions of acupuncture. Dr. Shtutman reported that Ramirez had missed five days of work in June, and that acupuncture significantly helped to decrease the pain and allowed Ramirez to be more functional. Dr. Shtutman stated that Ramirez had chronic neuropathic pain, and that acupuncture was needed due to the worsening changes in his condition.

The utilization review recommended that the requested treatment be denied. The reviewer's rationale in denying the treatment was that acupuncture is recommended as a short-course treatment in conjunction with other interventions for a total of up to 8 to 12 visits over four to six weeks, where there is evidence of reduced pain and medication use, and there is functional improvement. The reviewer stated that Ramirez had already completed the maximum number of recommended therapy sessions, thus the request was not reasonable.

Ramirez appealed the utilization review denial under the independent medical review process. The independent medical review noted that Ramirez had at least 24 prior acupuncture sessions approved, and that there had been no change in his work restrictions or functional improvement for almost a year. The independent medical review stated the following rationale for denying the requested treatment: "According to evidence[] based guidelines, further acupuncture visits after an initial trial are medically necessary based on documented functional improvement. 'Functional improvement' means a clinically significant improvement in activities of daily living or a reduction in work restrictions, medication, or dependency on continued medical treatment. The claimant has had at least 24 acupuncture visits approved in the last year. The provider states the same benefit

6

each time of decreased pain.  The provider also states that it allows the claimant to be more functional and continue working.  However even after extensive treatment, the claimant still needs one treatment a week.  Due to the lack of objective functional improvement and decreased dependence on medical treatment, further acupuncture is not medically necessary."

Ramirez appealed the decision of the independent medical review to the Board.  The grounds for the appeal were that the independent medical reviewer "may have been subject to a material conflict of interest that is in violation of Section 139.5," and the "determination may have been the result of bias on the basis of race, national origin, ethnic group identification, religion, age, sex, sexual orientation, color, or disability." Ramirez wanted discovery to determine whether the doctor performing the independent medical review was biased or had a conflict of interest.[3]  The appeal also argued the denial was materially defective because it failed to follow the medical treatment utilization schedule.  Ramirez argued this material defect was equivalent to an untimely utilization review, which could be appealed to the Board under *Dubon II*.  Ramirez argued the independent medical review doctor had improperly made credibility judgments about Ramirez's physician's report.  The appeal also stated:  "To the extent that the [Board] is prevented from disclosing the identity of the [independent medical review] doctor or substantively reviewing his opinion, Applicant raises all constitutional issues, including, but not limited to the denial of his right to substantive and procedural due process.  Applicant understands that the [Board] cannot rule on the constitutionality of Labor Code provisions; however, Applicant raises these issues so as to preserve his rights upon appeal."

---

[3]   The statute provides that the name of the doctor-reviewer is confidential.  (§ 4610.6, subd. (f).)

The appeal was ordered taken off calendar at the request of the Department and the insurer (the State Fund) because Ramirez wanted to raise only the constitutional issues, over which the Board could not rule.

Ramirez petitioned for removal or reconsideration of the order taking the matter off calendar. A workers' compensation administrative law judge (ALJ) reviewed the petition and recommended the petition for reconsideration be dismissed or denied. The ALJ determined that the petition should be dismissed because it was not based on any of the grounds allowed under section 5903.[4] Likewise, a petition for removal must be based on the grounds that the order will result in significant prejudice or irreparable harm. (Cal. Code Regs., tit. 8, § 10843, subd. (a).) The ALJ found that Ramirez had alleged neither.

On the substance of the petition, the ALJ found that there was no legal basis for the constitutional challenges, since the Board has no power to declare a statute unconstitutional. The Board dismissed the reconsideration petition because it was from an order taking the matter off calendar, which was not a final order pursuant to section 5900. It found the petition for removal was subject to denial because an order taking the matter off calendar does not result in substantial prejudice or irreparable harm. Nevertheless, because the petition for removal raised only constitutional issues that the Board had no authority to resolve, the Board granted removal to give Ramirez a final order for purposes of appellate review.

---

[4]  Section 5903 states that a petition for reconsideration may be made "upon one or more of the following grounds and no other:  [¶]  (a) That by the order, decision, or award made and filed by the appeals board or the workers' compensation judge, the appeals board acted without or in excess of its powers.  [¶]  (b) That the order, decision, or award was procured by fraud.  [¶]  (c) That the evidence does not justify the findings of fact.  [¶] (d) That the petitioner has discovered new evidence material to him or her, which he or she could not, with reasonable diligence, have discovered and produced at the hearing. [¶]  (e) That the findings of fact do not support the order, decision, or award."

8

Ramirez filed a petition for writ of review, naming the Board, the Department (Ramirez's employer), and the State Fund (Department's insurer) as respondents. We issued a writ of review and ordered the Board to file a transcript of the records and proceedings in the matter.[5]

## DISCUSSION

### I
### Scope of Review

This is a petition for review pursuant to section 5950. Our review is limited to a determination whether: (a) the Board acted without or in excess of its powers, (b) the order was procured by fraud, (c) the order was unreasonable, (d) the order was supported by substantial evidence, and (e) the findings of fact support the order. (§ 5952.)

### II
### Joinder

We turn first to an issue raised by respondents. They claim that the administrative director of the Division of Workers' Compensation is an indispensable party because the Division of Workers' Compensation administers the independent medical review process, which petitioner asserts is unconstitutional. If petitioner is successful in his constitutional arguments, the statutory authorization for the independent medical review and the implementing regulations will be invalidated.

Code of Civil Procedure section 389, subdivision (a) describes a necessary party: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already

---

[5]   We may review a removal order when it involves a substantive question. (See *Allison v. Workers' Comp. Appeals Bd.* (1999) 72 Cal.App.4th 654, 659; *Rymer v. Hagler* (1989) 211 Cal.App.3d 1171, 1180 ["An order, decision, or award of the [Board] or [ALJ] is final for purposes of a petition for reconsideration where it determines any substantive right or liability of those involved in the case."].)

parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

Subdivision (b) of Code of Civil Procedure section 389 describes an indispensable party: "If a person as described in paragraph (1) or (2) of subdivision (a) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder."

As the administrator of the independent medical review process Ramirez claims is unconstitutional, the Division of Workers' Compensation's administrative director would be a proper party, but is not an indispensable party. The interests protected by Code of Civil Procedure section 389 are those personal interests that may be concretely prejudiced by a judgment rendered in the person's absence. (*Van Atta v. Scott* (1980) 27 Cal.3d 424, 451, superseded by statute on another point as stated in *In re York* (1995) 9 Cal.4th 1133, 1143.) " 'Typical [indispensable party situations] are the situations where a number of persons have undetermined interests in the same property, or in a particular trust fund, and one of them seeks, in an action, to recover the whole, to fix his share, or to recover a portion claimed by him. The other persons with similar interests are indispensable

10

parties. The reason is that a judgment in favor of one claimant for part of the property or fund would necessarily determine the amount or extent which remains available to the others. Hence, any judgment in the action would inevitably affect their rights.' " (*Serrano v. Priest* (1976) 18 Cal.3d 728, 753.) The administrative director does not have similar interests in the constitutionality of the statutes it is tasked with implementing.

Moreover, the position asserted by the Division of Workers' Compensation's administrative director regarding the constitutionality of the independent medical review statutes has not gone without an advocate. The government's position has been ably advocated by the State Fund, adjusting agent for the California Department of Health Care Services. (See *Serrano v. Priest, supra*, 18 Cal.3d at p. 753.) "A party's ability to protect its interest is not impaired or impeded as a practical matter where a joined party has the same interest in the litigation." (*Deltakeeper v. Oakdale Irrigation Dist.* (2001) 94 Cal.App.4th 1092, 1102.) The administrative director is not an indispensable party.[6]

### III
### Waiver

Respondents claim Ramirez has waived all but the constitutional issues because those were the only issues decided by the Board's decision. This is incorrect. The only issues waived are those not set forth in the petition for reconsideration.

On October 22, 2014, Ramirez filed a petition appealing the administrative director's independent medical review determination, for an award of medical treatment, and for an order to disclose the identity of the independent medical review doctor. The petition alleged the independent medical review was defective because it upheld a utilization review that was materially defective because it failed to follow the medical treatment utilization schedule. Ramirez argued this material defect was grounds for

---

[6] The administrative director of the Division of Workers' Compensation has filed an amicus curiae brief in this case.

11

review by the Board, contrary to *Dubon II, supra,* 79 Cal.Comp.Cases 1298 which held that the Board has jurisdiction only over untimely utilization reviews. The petition argued Ramirez was entitled to discover the identity of the independent medical reviewer to determine whether the doctor was biased or subject to a material conflict of interest. The petition also argued section 4610.6, subdivision (h), limiting the Board's review of the independent medical review determination to five grounds, violated Ramirez's substantive and procedural due process rights under the state and federal Constitutions and amounted to an unconstitutional deprivation of property.

The next day, October 23, 2014, at a hearing before the Board, the appeal was taken off calendar at respondents' request because Ramirez wanted to raise only the constitutional issues.

Ramirez thereafter filed a petition for reconsideration or removal on the following grounds: (1) the Board had jurisdiction to hear a substantive challenge to a materially defective utilization review decision; (2) section 4610.6, subdivisions (i) and (f) violate California Constitution article XIV, section 4; (3) section 4610.6, subdivision (i) violates substantive and procedural due process rights under the state and federal Constitutions; and (4) section 4610.6, subdivision (f) violated Ramirez's substantive and procedural due process rights under the state and federal Constitutions.

The Board issued an opinion dismissing the petition for reconsideration and granting removal. The Board determined that the petition had been taken from the ALJ's order taking the matter off calendar, and that such an order was not a final order from which a petition for reconsideration could be taken. The Board found that the removal petition raised only constitutional issues the Board had no authority to resolve. The Board granted removal on its own motion to amend the order taking the matter off calendar to include a final order denying Ramirez's appeal of the independent medical review determination.

12

As mentioned above, respondents argue Ramirez has waived all but the constitutional arguments. They cite section 5904, which states: "The petitioner for reconsideration shall be deemed to have finally waived all objections, irregularities, and illegalities concerning the matter upon which the reconsideration is sought *other than those set forth in the petition for reconsideration.*" (Italics added.) Respondents claim that despite this clear language, the scope of a petition for writ of review is limited to the issues actually decided by the Board's *decision.* In support of this claim, they cite *Tate v. Industrial Acci. Com.* (1953) 120 Cal.App.2d 657. That case stated: "While section 5904 of the Labor Code provides that the petitioner for a rehearing 'shall be deemed to have finally waived' all the points not 'set forth in the petition for reconsideration,' that simply means that the petitioner cannot raise points on petition for a writ of review not raised before the commission."[7] (*Tate,* at p. 663.)

Here, Ramirez did raise all of the points raised on appeal before the Board. The points were in his petition for reconsideration or removal, which was put before the Board pursuant to section 5900. It was not necessary for the Board to render a decision on every point to preserve the matter for judicial review.

IV
Board's Jurisdiction

Ramirez's first argument is that the Board had jurisdiction to resolve his medical treatment dispute because his utilization review was not conducted properly. He argues the Board's decision in *Dubon II, supra,* 79 Cal.Comp.Cases 1298 (*Dubon II*) was wrong. Before analyzing this claim, a review of the Board's *Dubon II* decisions is in order. However, we will ultimately conclude that regardless of *Dubon II*, the question presented

---

[7] The Industrial Accident Commission was replaced by the Workmen's (now Workers') Compensation Appeals Board in 1966. (*Boyles v. Workmen's Comp. App. Bd.* (1966) 244 Cal.App.2d 821, 823, fn. 1.)

13

is whether the Board had jurisdiction to review an independent medical review on the ground the underlying utilization review did not use the medical treatment utilization schedule--a question answered in the negative by statute.

In *Dubon v. World Restoration, Inc*. (2014) 79 Cal.Comp.Cases 313 (*Dubon I*), the Board held that while it has no jurisdiction over claims regarding the medical necessity of treatment requests, it has jurisdiction over issues of timeliness and compliance with statutes and regulations where the procedural defect is sufficient to undermine the integrity of the utilization review decision. (*Id.* at p. 315.) The procedural defects identified in *Dubon I* were the failure of the utilization review doctor to identify the records reviewed and to review all the relevant medical records. (*Id*. at p. 317.) The Board held that a utilization review decision is invalid if it is untimely or suffers from a material procedural defect that undermines the integrity of the decision. (*Id*. at p. 322.) The Board held that if there is no valid utilization review, there is no decision subject to independent medical review, and the issue of medical necessity must be determined by the Board. (*Id*. at p. 324.)

A few months later the Board issued a new opinion and decision after reconsideration in *Dubon II*. The State Fund's petition for reconsideration argued that any dispute over a utilization review decision must be resolved through independent medical review. It argued that if the utilization review is invalid for reasons of timeliness or other procedural error, the remedy is for the Board to order that the utilization review decision not be considered by the independent medical reviewer in determining medical necessity. (*Dubon II, supra*, 79 Cal.Comp.Cases at pp. 1303-1304.) On reconsideration, the Board concluded that a utilization review determination is invalid only if it is untimely. (*Id*. at p. 1306.) If a utilization review decision is untimely, it is invalid, and is not subject to an independent medical review. (*Id*. at p. 1307.) A dispute over the timeliness of the utilization review decision is a legal dispute within the Board's jurisdiction, but all other disputes regarding the utilization review decision must be

14

resolved by an independent medical review. (*Id.* at p. 1309.) If the Board determines that a utilization review decision is untimely, the Board may determine the medical necessity of the proposed treatment based on substantial medical evidence. (*Id.* at p. 1312.)

Ramirez challenges the Board's holding in *Dubon II,* arguing that the Board has jurisdiction over utilization reviews that are both untimely *and* procedurally deficient. He argues *Dubon II* is incorrect because it conflicts with California Code of Regulations, title 8, section 10451.2, subdivision (c)(1)(C), which provides that a dispute is not subject to independent medical review, and is therefore within the Board's jurisdiction, if it is a dispute over whether the utilization review was timely *or procedurally deficient*. He also argues that a materially defective utilization review decision should be treated as untimely, because the process was not properly completed within the allotted time. This last argument supposedly presumes the correctness of *Dubon II*.

The basis for Ramirez's claim that the Board had jurisdiction in this case is his assertion that the utilization review doctor did not follow the medical treatment utilization schedule, thus did not follow the proper procedure. The medical treatment utilization schedule is a set of policies and procedures promulgated pursuant to legislation requiring the administrative director to develop procedures "that shall incorporate the evidence-based, peer-reviewed, nationally recognized standards of care recommended by the commission pursuant to Section 77.5, and that shall address, at a minimum, the frequency, duration, intensity, and appropriateness of all treatment procedures and modalities commonly performed in workers' compensation cases." (§ 5307.27.) The utilization review decision must be consistent with the medical treatment utilization schedule. (§ 4610, subd. (c).)

Ramirez's utilization review was timely. Nevertheless, Ramirez asserts that the Board had jurisdiction over his utilization review because it was "materially defective." Before considering this argument, we state the obvious fact that Ramirez never tendered

the utilization review decision itself to the Board. Instead, he requested independent medical review under the statutory scheme, and then sought to appeal the independent medical review determination to the Board. However, as previously stated, an independent medical review determination can be appealed to the Board only on limited grounds: (1) the administrative director acted without or in excess of his or her powers, (2) the administrative director's determination was procured by fraud, (3) the independent medical review had a material conflict of interest, (4) the determination was the result of bias, or (5) the determination was the result of an erroneous finding of fact not subject to expert opinion. (§ 4610.6, subd. (h).) Ramirez makes no claim that the Board had jurisdiction on one of these grounds over his independent medical review, and we see no basis for the Board's jurisdiction of his independent medical review.

Nor did the Board have jurisdiction to review Ramirez's utilization review. Section 4610.5 governs the review or appeal of a utilization review, and unambiguously does not allow for Board review under the facts presented. Section 4610.5 provides in part that it applies to a dispute over a utilization review decision that is "communicated to the requesting physician on or after July 1, 2013, regardless of the date of injury." (§ 4610.5, subd. (a)(2).) Section 4610.5 applies to this dispute because Ramirez's utilization review decision was communicated to his physician on July 16, 2014. Where section 4610.5 applies, the dispute "shall be resolved only in accordance with this section." (§ 4610.5, subd. (b).) "If a utilization review decision denies or modifies a treatment recommendation based on medical necessity, the employee may request an independent medical review as provided by [section 4610.5]." (§ 4610.5, subd. (d).) "A utilization review decision may be reviewed or appealed only by independent medical review pursuant to [section 4610.5]." (§ 4610.5, subd. (e).)

The statute provides no exception for a "materially defective" utilization review. The Legislature has provided only one method of review or appeal for a utilization

16

review, and that is by independent medical review. Thus, the Board had no jurisdiction in this case to review the utilization review decision.

While the statute provides that a utilization review decision may be reviewed only by independent medical review, the Board's regulations allow it to review a utilization review if the dispute is over whether the utilization review was timely or was "otherwise procedurally deficient." (Cal. Code Regs., tit. 8, § 10451.2, subd. (c)(1)(C).) The Board's Final Statement of Reasons filed in conjunction with the adoption of the regulation explains that the regulation does not circumvent the independent medical review because the independent medical review is limited to determining whether a treatment is medically necessary, and cannot determine whether the utilization review was untimely or procedurally deficient. (Workers' Compensation Appeals Board, Final Statement of Reasons (2013) p. 5.)

To the extent the Board has any jurisdiction to review a utilization review as provided by this regulation, it has jurisdiction only over nonmedical issues such as timeliness of the utilization review as stated in the Final Statement of Reasons and *Dubon II*. We are not presented with a nonmedical issue. Any question that has the effect of assessing medical necessity is a medical question to be conducted by a qualified medical professional by way of independent medical review. (§ 4610.6, subd. (i) ["In no event shall a workers' compensation administrative law judge, the appeals board, or any higher court make a determination of medical necessity contrary to the determination of the independent medical review organization."].) Whether the utilization reviewer correctly followed the medical treatment utilization schedule is a question directly related to medical necessity, and is reviewable only by independent medical review.

This conclusion is well illustrated by the situation presented in this case. Respondents argue that the utilization review was not defective, since the utilization review was in fact consistent with the medical treatment utilization schedule. Even though the utilization review claimed to use guidelines other than the medical treatment

17

utilization schedule, the independent medical review found that Ramirez's utilization review was consistent with the medical treatment utilization schedule, which did not indicate approval of treatment in this case.

The task of determining whether the denial was in compliance with the medical treatment utilization schedule is appropriately delegated to the independent medical reviewer, who is better able to determine whether the medical treatment utilization schedule was followed. The statutory scheme presumes that if the utilization reviewer relies on an incorrect guideline, i.e., not the medical treatment utilization schedule, the mistake will be corrected by the independent medical review because the independent medical review is also required to be based on the medical treatment utilization schedule. The independent medical reviewer is required to base his or her determination on "the specific medical needs of the employee and the standards of medical necessity as defined in subdivision (c) of Section 4610.5." (§ 4610.6, subd. (c).) Section 4610.5, subdivision (c) refers to the guidelines adopted by the administrative director pursuant to section 5307.27, and the guidelines adopted pursuant to section 5307.27 consist of the medical treatment utilization schedule.

In this case, the independent medical reviewer specifically noted that the decision was based on the medical treatment utilization schedule for acupuncture. The rationale for the independent medical reviewer's denial was that further acupuncture was not medically necessary because there had been no functional improvement. Functional improvement is defined in the medical treatment utilization schedule as either an improvement in the activities of daily living or a reduction in work restrictions, *and* "a reduction in the dependency on continued medical treatment." (Cal. Code Regs., tit. 8, § 9792.20, subd. (e).) The independent medical reviewer determined that based on the fact that Ramirez continued to need one acupuncture treatment per week after having received at least 24 acupuncture treatments, there was no reduction in the dependency on

18

continued medical treatment, and, as a result, no functional improvement as defined in the medical treatment utilization schedule.**8**

Ramirez also tries to fit his case into a *Dubon II* situation by arguing that a materially defective utilization review is an untimely review, over which the Board has jurisdiction. We reject this contention. There is no dispute over the fact that the utilization review was performed within the statutory time frame. The utilization review was performed within five business days of the date of the medical treatment request by Ramirez's physician. Section 4610, subdivision (g)(1) requires the decisions to be made within "five working days from receipt of the information reasonably necessary to make the determination, but in no event more than 14 days from the date of the medical treatment recommendation by the physician."

We conclude that the Board had no jurisdiction to review a utilization review that was alleged to be defective for failure to follow the medical treatment utilization schedule. Whether the utilization review followed the medical treatment utilization schedule is directly related to a determination of medical necessity. By statute, a review of a determination of medical necessity is limited to the medical professionals performing the independent medical review. Such a utilization review is not procedurally improper for purposes of California Code of Regulations, title 8, section 10451.2, subdivision (c)(1), which states that independent medical review "applies solely to disputes over the necessity of medical treatment where a defendant has conducted a timely and otherwise procedurally proper utilization review." The Board properly dismissed the petition for reconsideration because it had no power to determine whether the utilization review was

---

**8**   We reject Ramirez's claim that by concluding there was no functional improvement, the independent medical reviewer was making an improper credibility determination. The reviewer made no credibility determination. The conclusion was based on the fact that functional improvement required a reduction in the dependency on continued medical treatment, and no such reduction was shown in Ramirez's medical records.

19

materially defective, and Ramirez did not state a proper ground for appeal of the independent medical review.

V
Independent Medical Review Does Not Violate
State Separation of Powers or Due Process

Ramirez claims there is a conflict between article XIV, section 4 of the California Constitution and section 4610.6, subdivision (i). The relevant part of article XIV, section 4 states: "The Legislature is vested with plenary powers, to provide for the settlement of any disputes arising under such legislation by arbitration, or by an industrial accident commission, by the courts, or by either, any, or all of these agencies, either separately or in combination, and may fix and control the method and manner of trial of any such dispute, the rules of evidence and the manner of review of decisions rendered by the tribunal or tribunals designated by it; provided, that all decisions of any such tribunal shall be subject to review by the appellate courts of this State."

Section 4610.6, subdivision (i) provides in pertinent part: "In no event shall a workers' compensation administrative law judge, the appeals board, or any higher court make a determination of medical necessity contrary to the determination of the independent medical review organization."

Ramirez does not explain what he perceives to be the conflict, but presumably he finds conflict in the constitutional provision that all decisions of the Board be subject to review by the appellate courts, but section 4610.6, subdivision (i) allows no review by the Board or the courts of a medical necessity determination. We perceive no conflict. The constitution authorizes the Legislature to create a system that settles disputes by arbitration, by the Board, or by the courts. Any decision must be subject to review in the Court of Appeal. Section 4610.6, subdivision (i) does not provide otherwise. It merely states that determinations of medical necessity must be made by independent medical

20

review. Neither the Board nor the courts may make such a decision. Nothing in this section impairs the ability of the appellate courts to review decisions of the Board.

Ramirez claims section 4610.6, subdivision (i) presents a separation of powers violation because the Legislature may not use its power to "impair or render ineffectual in any measure the creation and existence of the industrial accident commission . . . ." (Cal. Const., art. XIV, § 4.) *Stevens v. Workers' Comp. Appeals Bd.* (2015) 241 Cal.App.4th 1074 (*Stevens*), considered and rejected this argument.

Article XIV, section 4 of the California Constitution provides in pertinent part: "The Legislature is hereby expressly vested with plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workers' compensation, by appropriate legislation, . . . [¶] . . . [¶] Nothing contained herein shall be taken or construed to impair or render ineffectual in any measure the creation and existence of the industrial accident commission of this State or the State compensation insurance fund, the creation and existence of which, with all the functions vested in them, are hereby ratified and confirmed."

*Stevens* held that pursuant to article XIV, section 4, the Legislature " 'is . . . expressly vested with plenary power, *unlimited by any provision of this Constitution*, to create, and enforce a complete system of workers' compensation, by appropriate legislation.' [Citation.] Simultaneously, the separation of powers clause expressly yields to other constitutional provisions, including Section 4, by preventing one branch of government from exercising the powers of another 'except as permitted by this Constitution.' [Citation.] Thus, there is no question that Section 4 trumps the separation of powers clause under the state Constitution's plain terms." (*Stevens, supra*, 241 Cal.App.4th at p. 1092, italics omitted.) This analysis is correct. There is no separation of powers violation.

*Stevens* also held that article XIV, section 4 trumps the state Constitution's due process clause. (*Stevens, supra*, 241 Cal.App.4th at p. 1093.) Constitutional

21

amendments carve out an exception to the preexisting scope of the due process clause as to the subject matter of the new provision. (*Ibid*.) Thus, article XIV, section 4 "modified the reach of the state Constitution's due process clause." (*Stevens,* at p. 1093.) As a result, article XIV, section 4, granting the Legislature plenary power over the workers' compensation system, controls where there is any conflict between article XIV, section 4 and the due process clause. (*Stevens,* at p. 1093.)

VI
Independent Medical Review Does Not
Violate Federal Procedural Due Process

Ramirez argues the independent medical review process violates federal procedural due process because it strips him of his right to a substantive appeal. Respondents claim Ramirez had no protected property interest subject to procedural due process because absent a determination by utilization review or independent medical review, he had no statutory right to the requested treatment.

As far as Ramirez's due process claim under the state Constitution, as we explained above, article XIV, section 4 modified the reach of the state's due process clause, and controls over any contrary state due process constitutional provision.

"To prevail on a federal due process claim, plaintiffs must show that the state deprived them of a property or liberty interest without affording sufficient notice and opportunity to be heard." (*Stevens, supra,* 241 Cal.App.4th at pp. 1096-1097, fn. omitted.) *Stevens*, in answer to the identical claim Ramirez makes here, held that a workers' compensation claimant is afforded ample process, even assuming a protected property interest is implicated. (*Id*. at p. 1098.) Due process protects the right to notice and a meaningful opportunity to be heard. (*Ibid*.) *Stevens* noted that "workers seeking treatment under California's scheme receive far more process, including through [utilization review], than just that which is provided in the [independent medical review] procedure." (*Ibid.*)

22

*Stevens* relied on this court's decision in *California Consumer Health Care Council, Inc. v. Department of Managed Health Care* (2008) 161 Cal.App.4th 684 (*California Consumer*). *California Consumer* involved a challenge to the provisions of the Knox-Keene Health Care Service Plan Act of 1975 (Health & Saf. Code, § 1340 et seq.; hereafter Knox-Keene Act) "relating to disclosure of medical reports and the disposition of patient grievances." (*California Consumer,* at p. 687.) The Knox-Keene Act provided that patients could submit their medical records and their medical provider's records when filing a claim, and the insurer could also submit material. (*Stevens, supra*, 241 Cal.App.4th at p. 1098.) However, patients could not see and rebut the insurer's material, even though the insurers could see and rebut the patients' filings. (*Ibid.*) The plaintiffs in *California Consumer* argued this violated due process.

*California Consumer* assumed for the sake of argument that the plaintiffs had established a protected property interest. (*California Consumer, supra*, 161 Cal.App.4th at p. 691.) It applied a four-part test to determine the sort of process that was due: "(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; (3) the dignity interest in informing individuals of the nature, grounds, and consequences of the actions and in enabling them to present their side of the story before a responsible government official; and (4) the governmental interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." (*Ibid.*)

Using these factors, *California Consumer* determined that although the patients had an interest in receiving medical care, the risk of an erroneous deprivation of the interest was low since both sides submitted documentation on the claim and sufficient time was allowed for adequate consideration. (*California Consumer, supra*, 161 Cal.App.4th at p. 692.) *California Consumer* held that the governmental interests were

23

strong, and that forcing disclosure of the insurers' documents would be cumbersome and time-consuming with little resulting benefit. (*Id*. at p. 693.)

Using the same due process analysis, *Stevens* held that workers in the workers' compensation system have a similar interest in obtaining medical services, but that the risk of erroneous deprivation of services is even lower than under the Knox-Keene Act because of the multiple layers of review. (*Stevens, supra*, 241 Cal.App.4th at p. 1099.) *Stevens* held that the government's interest was "expressly and comprehensively identified by the Legislature itself when it established" the review process, and was at least as compelling as the interest in not being forced to disclose insurance documents in *California Consumer*.**9** (*Stevens,* at p. 1099.) *Stevens* concluded that California's process for reviewing workers' medical requests did not violate due process by failing to provide notice and a meaningful opportunity to be heard. (*Ibid*.) We agree.

*Stevens* also considered an argument made here that the independent medical review process violates due process because the reviewer is anonymous. (*Stevens, supra*, 241 Cal.App.4th at p. 1099.) Ramirez argues he cannot appeal the independent medical review on the basis of bias of the reviewer without knowing the identity of the reviewer. *Stevens* held that the reviewers are not the workers' adversaries, but are statutorily authorized decision makers. (*Ibid*.) A party has no right to cross-examine such a decision maker. (*Ibid*.) "[I]njured workers requesting treatment under the workers'

---

**9**    In enacting the independent medical review procedure, the Legislature found "[t]hat the current system of resolving disputes over the medical necessity of requested treatment is costly, time consuming, and does not uniformly result in the provision of treatment that adheres to the highest standards of evidence-based medicine, adversely affecting the health and safety of workers injured in the course of employment." It further found "[t]hat having medical professionals ultimately determine the necessity of requested treatment furthers the social policy of this state in reference to using evidence-based medicine to provide injured workers with the highest quality of medical care and that the provision of the act establishing independent medical review are necessary to implement that policy." (Stats. 2012, ch. 363, § 1.)

compensation system are given detailed explanations of the reasons for a denial or modification of their request, and they are given multiple opportunities to submit evidence and challenge those decisions. 'Procedural due process is not a static concept, but a flexible one to be applied to the needs of the particular situation[s]. . . .' [Citation.] The [independent medical review] is only one aspect of the process afforded to workers who request treatment, and we conclude that the process in its entirety provides sufficient due process protections." (*Id*. at pp. 1099-1100, fns. omitted.) Again, we agree with the reasoning in *Stevens*.

## DISPOSITION

The order of the ALJ taking the matter off calendar is reversed. The ALJ is directed to enter an order consistent with the views expressed herein. Costs are denied in the interests of justice. (Cal. Rules of Court, rule 8.493(a).)


_____/s/_____
Blease, Acting P. J.


We concur:


___/s/_____
Duarte, J.


___/s/_____
Renner, J.


25